## MARTIN v. HICKENLOOPER et al.

No. 5424.   Decided October 15, 1936.   (61 P. [2d] 307.)

See, also, 90 Utah 130, 40 P. (2d) 213.

*Herbert Van Dam, Jr.,* and *Vernon Snyder,* both of Salt Lake City, for appellant.

*Irvine, Skeen & Thurman* and *A. R. Barnes,* all of Salt Lake City, for respondents.

WOLFE, Justice.

A petition for rehearing filed in this case raises only those points thoroughly considered by this court in two former opinions.

It appears, however, that the mortgage from Hickenlooper to Martin did not cover certain water stock which was included in the deed from Hickenlooper to the Fritsch Loan & Trust Company and in the mortgage from Fritsch Loan & Trust Company to Zorn. Petitioner urges that our decision should specify that the water stock should be sold first. It is elemental that where a mortgagor has mortgaged two pieces of property he may require them to be sold separately and in a certain order, if they are not so related as to form a unit, the separation of which would materially affect the value of either. Likewise, a junior mortgagee may compel different properties under a prior mortgage to be sold in such order as to leave for him all possible security, if such order cannot affect the rights of the prior mortgagee. In this case, if there is water which was not ordinarily used in connection with the land, that is, water stock which represents water which may, without attempt to adhere to the legal niceties of definition, be described as water in gross, the decree should provide that it be sold first and then the land with its cus-

tomary water right afterward. This is a matter for the lower court to work out. It is not involved in this appeal.

The petition for rehearing is denied.

ELIAS HANSEN, C. J., and FOLLAND, J., concur.

EPHRAIM HANSON and MOFFAT, JJ., dissent from the order denying rehearing.